**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GAYLA A. GASKIN,

    Plaintiff - Appellant,

v.

SCIENCE APPLICATIONS
INTERNATIONAL, INC.,

    Defendant - Appellee.

No. 19-6053
(D.C. No. 5:18-CV-00091-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **EID**, Circuit Judges.
_____

Gayla Gaskin appeals from the district court's grant of summary judgment to

her former employer, Science Applications International, Inc. (SAIC), on her claim

of sex discrimination under Title VII of the Civil Rights Act of 1964,

42 U.S.C. §§ 2000e to 2000e-17.  Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

# I. Background

SAIC contracts with the Federal Aviation Administration (FAA) to provide instructors for air traffic controller candidates at the FAA Academy in Oklahoma City. SAIC hired Gaskin as an Instructor II in September 2015. All instructor positions for SAIC at the FAA Academy, including Instructor II positions, require FAA certification.

By March 2016, SAIC had warned Gaskin at least three times to remedy misconduct that included distracting students during their simulations, setting a tone detrimental to training, and denigrating the curriculum. Then in January 2017 the FAA asked SAIC to investigate several comments made by students in their end-of-course evaluations. Those students reported that Gaskin, among other things, "hit on [their] classmates a lot," "was very inappropriate as an instructor," and "made many . . . students feel uncomfortable." Aplt. App. at 123. Gaskin responded to the comments at SAIC's request and denied engaging in any inappropriate conduct.

Unbeknownst to Gaskin, the FAA launched an independent investigation into her conduct. The FAA's investigation revealed that "[m]ultiple students witnessed Ms. Gaskin partake in inappropriate behavior." *Id.* at 91. According to the FAA, this behavior included making crude comments, extensively touching students in a way that made them feel uncomfortable, degrading student performance in class, and inviting at least one student to fraternize outside of class. On February 3, 2017, the FAA reported its findings to SAIC and "decertified [Gaskin] as an Academy Instructor." *Id.*

2

SAIC terminated Gaskin's employment on February 6, 2017. It told Gaskin that "the reason for your termination is violation of SAIC's Code of Conduct." *Id.* at 129. SAIC did not inform Gaskin that the FAA had decertified her.

Gaskin then brought this suit, alleging SAIC terminated her because she is female. Her case rests on circumstantial evidence of sex discrimination. She argues that the evidence shows SAIC treated similarly situated male employees differently, failed to conduct a fair investigation, and provided false and shifting reasons for her termination.

The district court found on summary judgment that Gaskin failed to establish a prima facie case of discrimination because the FAA's decertification rendered her unqualified for continued employment with SAIC. The district court further found that Gaskin failed to show that SAIC's non-discriminatory rationale for firing her was pretextual.

## II. Discussion

We review the district court's summary judgment decision de novo, viewing the factual record and making reasonable inferences from it in the light most favorable to the nonmoving party. *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a fact is material when it might affect the outcome of the suit under the governing

3

substantive law." *Bird*, 832 F.3d at 1199 (internal quotation marks and alteration omitted). "A movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim. Such a movant may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Felkins v. City of Lakewood*, 774 F.3d 647, 653 (10th Cir. 2014) (internal quotation marks and alteration omitted).

Because Gaskin relies on circumstantial evidence to support her sex discrimination claim, we "apply the three-step burden-shifting framework set forth in *McDonnell Douglas* and its progeny." *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800–07 (1973)).

At step one of the *McDonnell Douglas* burden-shifting framework, a plaintiff has the burden on summary judgment of demonstrating a prima facie case of discrimination. *See McDonnell Douglas*, 411 U.S. at 802. This can be done in a wrongful termination case by producing evidence "that (1) [the plaintiff] was a member of a protected class (2) who was terminated (3) despite being qualified for her position, and (4) the job wasn't eliminated." *Fassbender v. Correct Care Sols., LLC*, 890 F.3d 875, 884 (10th Cir. 2018). Regarding qualification for the position, "[t]he relevant inquiry at the prima facie stage is . . . whether the employee has introduced some evidence that she possesses the objective qualifications *necessary to*

4

*perform the job . . . .*" *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1193 (10th Cir. 2000).

If the plaintiff makes this initial showing, the burden shifts to the defendant at step two to articulate a legitimate non-discriminatory reason for firing the plaintiff. *See McDonnell Douglas*, 411 U.S. at 802. If the defendant does so, the burden shifts back to the plaintiff at step three to produce enough evidence for a reasonable jury to conclude the defendant's proffered rationale was pretextual. *Id.* at 804.

Gaskin concedes that on the day SAIC fired her, she no longer possessed the FAA certification "*necessary to perform the job.*" *Horizon*, 220 F.3d at 1193; *see* Aplt. Opening Br. at 12–13 ("Gaskin was decertified on February 3, 2017, and terminated on February 6, 2017 . . . ."). She therefore failed to establish a prima facie case of discrimination. The fact that SAIC fired her for a different, albeit related,[1] reason does not alter our conclusion. *Cf. MacDonald v. E. Wyo. Mental Health Ctr.*, 941 F.2d 1115, 1119 (10th Cir. 1991) (explaining that courts "refus[e] to consider a defendant's proffered reasons for discharge in assessing the existence of a prima facie case" so that defendants cannot use their reasons for firing a plaintiff to defeat the plaintiff's prima facie case), *abrogated on other grounds by Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995).

Citing *MacDonald*, Gaskin asks us to ignore her lack of certification. In that case, we delineated a few ways that an employee can prove he or she is qualified:

---

[1] The same underlying conduct led to the FAA's decertification and SAIC's termination.

5

> [A] plaintiff *may* make out a prima facie case of discrimination in a discharge case by credible evidence that she continued to possess the objective qualifications she held when she was hired, *or* by her own testimony that her work was satisfactory, even when disputed by her employer, *or* by evidence that she had held her position for a significant period of time.

*Id.* at 1121 (emphasis added) (citations omitted). Gaskin relies on our use of the disjunctive "or" and argues that by providing evidence that SAIC employed her for a significant period,[2] she established her prima facie case.

But Gaskin's argument stretches *MacDonald*'s language too far. While evidence of tenure alone may suffice to demonstrate qualification for a job in some cases, it is by no means automatic. Here, Gaskin admits that her former position requires a certification she no longer has. This stands in stark contrast to *MacDonald*, where the plaintiffs "continued to possess the objective professional qualifications they held when they were hired." *Id.* Indeed, we cited with approval a Fifth Circuit case where the court noted that an employee could only establish a prima facie case "if the 'plaintiff had not suffered . . . loss of a necessary professional license.'" *Id.* at 1120 (quoting *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1506 n.3 (5th Cir. 1988)).

Gaskin further contends that her lack of qualification cannot undermine her prima facie case at step one of the *McDonnell Douglas* framework because SAIC also raises the FAA's decertification as evidence of non-discriminatory intent at step two

---

[2] For purposes of this appeal, we assume without deciding that SAIC employed Gaskin for a significant period of time.

of the *McDonnell Douglas* framework. To support this notion, Gaskin quotes

*Horizon*:

> When an employee's failure to meet objective, employer-imposed criteria is one of the legitimate, non-discriminatory reasons advanced by an employer to dispel the inference of discrimination raised by an employee at the prima facie stage, it cannot also be used to defeat the employee's prima facie case. To hold otherwise would be tantamount to collapsing the first and second stages of the *McDonnell Douglas* analysis and would deny a plaintiff the opportunity to demonstrate that the defendant's explanation for the adverse employment action is pretextual.

Aplt. Opening Br. at 22 (quoting 220 F.3d at 1193).

But the issue before the court in *Horizon* was "whether an employer may defeat a plaintiff's prima facie case by challenging the plaintiff's qualification for the position on the grounds she has failed to meet an objective qualification that is *not essential* to the performance of the job." 220 F.3d at 1192 (emphasis added). We never wavered from the rule that to establish a prima facie case, a plaintiff must produce "evidence that she possesses the objective qualifications *necessary to perform the job*." *Id.* at 1193. Gaskin admits that she does not possess one of the objective qualifications necessary to perform the job of an Instructor II, and therefore she cannot establish a prima facie case of sex discrimination.[3]

---

[3] Because we hold that Gaskin did not establish a prima facie case, we need not address Gaskin's argument that the district court erred by alternatively holding that she failed to show SAIC's non-discriminatory rationale for firing her was pretextual.

7

## III. Conclusion

For the reasons stated above, we affirm the district court's grant of summary judgment to SAIC.

Entered for the Court


Allison H. Eid
Circuit Judge